## Armstrong v. Illinois Central Railroad Company.

(Decided February 4, 1915.)

### Appeal from Ballard Circuit Court.

1. Carriers—Carriers of Live Stock—Limitation of Liability—Validity of Stipulation as to Time When Claim for Loss or Damage Must Be Presented.—A stipulation in a contract for the interstate carriage of live stock, requiring claim for loss or damage to be presented within ten days after the stock is unloaded from the car, is valid; and no action may be maintained by a shipper who has failed to conform to such stipulation.

2. Courts—Jurisditional Amount.—Where plaintiff sued for $720 for damages to a shipment of live stock and $25.80 for overcharge in freight rate thereon, and defendant presented a valid defense to the claim for damage to the livestock by answer, demurrer to which was overruled by the court, plaintiff declining to plead further, so that there remained in controversy only $25.80, the circuit court was without jurisdiction to entertain the proceeding further, and properly dismissed the entire petition.

HENDRICK & NICHOLS for appellant.

GUS THOMAS, BLEWETT LEE, TRABUE, DOOLAN & COX and CORBETT & WHITE for appellee.

OPINION OF THE COURT BY JUDGE HANNAH—Affirming.

On January 29, 1913, M. W. Armstrong delivered to the Illinois Central Railroad Company at Paducah a shipment of horses and mules for transportation to Marks, Mississippi.

On May 3, 1913, Armstrong sued the railroad company in the Ballard Circuit Court for $720.00 as damages for injuries sustained by the live stock in transit, and $25.80 as overcharge in freight rate.

The contract of carriage contained a stipulation that no claim for loss or damage to the live stock should be valid unless claim therefor was presented to the carrier within ten days from the time the stock was removed from the car.

The railroad company answered pleading this stipulation and the failure of the shipper to conform thereto. The plaintiff filed a demurrer to the second paragraph of the answer, in which paragraph the plea mentioned was set up, and the court overruled the demurrer.

The plaintiff thereupon declined to plead further, and the court dismissed the petition. From that judgment the plaintiff appeals.

Upon the demurrer the averments of the second paragraph of the answer as to the terms of the contract and the failure of the plaintiff to give the notice mentioned within the specified period are taken as true.

The transaction here involved being interstate commerce, the validity of the stipulation in question is one to be determined under the common law as declared by the United States Supreme Court. This has been the rule since Congress, by the enactment of the Carmack Amendment to the Hepburn Act, assumed to regulate the subject of the liability of an interstate carrier for the loss of or damage to an interstate shipment.

And the Federal rule is that such stipulations are valid. Missouri, Kansas & Texas Railway Company v. Harriman, 227 U. S., 657, 57 L. Ed., 690.

Controlled by the Harriman case, this court, in Howard & Callahan v. Illinois Central Railroad Com-

pany, 161 Ky., 783, decided December 18, 1914, held valid a stipulation identical with that here involved.

The trial court, therefore, properly overruled the demurrer to the second paragraph of the answer.

2. As to the item of $25.80 for alleged overcharge in freight rate on the shipment, the circuit court had not original jurisdiction to entertain an action for that amount only; hence, when plaintiff declined to plead further in respect of the item of $720 for injuries to the live stock, the petition no longer presented a cause of action thereon; and, as there remained in controversy only $25.80, it was proper to dismiss the entire petition.

Judgment affirmed.